IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARTHUR RAY RANSOM, #855932,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0614-G |
| | ) | ECF |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently incarcerated at the Eastham Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Lovelady, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process, pending preliminary screening.

Statement of the Case: Petitioner pled guilty pursuant to a plea agreement to aggravated sexual assault of a child under fourteen years of age in State v. Ransom, No. F98-68349 (Crim. Dist. Court No. 4 Dallas County, Tex. Dec. 14. 1998). Punishment was assessed at thirty years

imprisonment.  (Federal Petition (Pet.) at 2).  Petitioner did not appeal.  Subsequently, Petitioner filed a state habeas corpus application which was denied without written order on the findings of the trial court.  Ex parte Ransom, No. 48,726-02, at cover.

Petitioner has filed one prior federal habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction in this case.  See Ransom v. Dretke, 3:02-CV-0748-G (N.D. Tex., Dallas Div.).  On October 21, 2003, the District Court adopted the recommendation of the Magistrate Judge and denied the habeas petition on the merits.  Id.  The Fifth Circuit denied a certificate of appealability on April 9, 2004.  See No. 03-11197.[1]

In the present petition for a writ of habeas corpus, Petitioner again seeks to challenge his conviction for aggravated sexual assault.  He alleges two ground which were raised and addressed, at least in part, in his 2002 federal petition – i.e., (1) that his plea was involuntary due to the trial court's failure to admonish him of the consequences of his guilty plea in violation of art. 26.3(a)(1), Code of Criminal Procedure, and (2) that the above failure to admonish amounted to a due process violation.  (Petition ¶ 20).

Findings and Conclusions:  The instant petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  That section provides that a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can

---

[1] This prior federal petition raised four grounds for relief: (1) he was not properly admonished with respect to the consequences of his guilty plea; (2) by virtue of his attorney's ineffective assistance, his plea was neither voluntary nor knowing; (3) he was denied his right to appeal because of ineffective assistance of trial counsel when his attorney told him he had no right to appeal and refused to file a notice of appeal; and (4) he was denied due process during the state habeas proceedings.

be heard in the district court. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). In Crone v. Cockrell, the Fifth Circuit stated that "'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until . . . [the Fifth Circuit] has granted the petitioner permission to file one.'" 324 F.3d 833, 836 (5th Cir. 2003) (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)).

In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Crone, 324 F.3d at 836-37.

The claims that Petitioner seeks to raise in this habeas action were presented at least in part his initial federal petition. See Findings and Conclusions filed on October 2, 2003, in Ransom v. Dretke, No. 3:02cv0748-G at 6-7. The federal petition is, therefore, "second or successive" under the AEDPA. United States v. Orozco-Ramirez, 211 F.3d 862, 866-871 (5th Cir. 2000).

Unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file his present petition for habeas corpus relief, this Court lacks jurisdiction to consider the same. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a

motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 8th day of May, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.